# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** : | |
| : | |
| **PAMELA A. LEE,** : | **Bankruptcy No. 05-27255-MBM** |
| Debtor. : | |
| ............................................................: | .................................................................... |
| **Robert Shearer, Trustee,** : | **Chapter 7** |
| Movant, : | |
| : | |
| v. : | **Related to Doc. No. 12** |
| : | |
| **Pamela A. Lee,** : | |
| Respondent. : | |

## MEMORANDUM

**AND NOW,** this **14th day** of **October, 2005**, upon consideration of (a) the objection by Robert Shearer, the Chapter 7 Trustee for the above-captioned debtor (hereafter "the Trustee"), to the exemption by such debtor (hereafter "the Debtor") of a portion – in particular, $11,946.20 – of a Northwestern Mutual IRA valued at $18,896.41 (hereafter "the IRA") under 11 U.S.C. § 522(d)(10)(E),[1] and (b) the Debtor's response;

and subsequent to notice and an evidentiary hearing on the matter held on October 13, 2005,

it is **hereby determined that the Court shall issue an order that** the

---

[1] The Debtor initially exempted $9,635.85 of the IRA under 11 U.S.C. § 522(d)(5) and $9,260.15 thereof under § 522(d)(10)(E). The Debtor now admits that the amount of such exemption under § 522(d)(5) is impermissible and, thus, now exempts $6,949.80 of the IRA thereunder; accordingly, the Debtor exempts the remainder of the IRA, or $11,946.20, under § 522(d)(10)(E). *See* Debtor's Resp.¶ 7a.

Trustee's objection to exemption is **OVERRULED** and the Debtor's exemption of $11,946.20 of the IRA is, accordingly, **ALLOWED** under § 522(d)(10)(E).  The Court rules as it does for several reasons.

As an initial matter, the Trustee contests whether any portion of the IRA may be exempted via § 522(d)(10)(E) on two discrete grounds, namely (a) that the Debtor is not presently receiving a distribution from the IRA at the present time, and (b) that the IRA is not reasonably necessary for the support of the Debtor.  The Trustee, as the party objecting to the Debtors' exemptions, bears the burden of showing that the Debtors are not entitled to such exemptions.  *See* In re Brown, 165 B.R. 512, 514 (Bankr.M.D.Fla. 1994); In re Frederick, 183 B.R. 968, 970 (Bankr.M.D.Fla. 1995).

With respect to the Trustee's first ground for objection, that is that the Debtor is not presently receiving a distribution from the IRA at the present time, the Trustee relies on the Third Circuit's decision in In re Clark, 711 F.2d 21 (3rd Cir. 1983), and certain of the cases that rely thereon.  The Court must reject such ground for objection by the Trustee, however, because, and as the Court held in a decision rendered just one day earlier in another bankruptcy case,

> the portion of Clark relevant to a resolution of the instant matter [(i.e., whether a debtor must presently be receiving a distribution from, for instance, an IRA in order to exempt the same under § 522(d)(10)(E))] has essentially been overruled by the U.S. Supreme Court's recent decision in Rousey v. Jacoway, 125 S.Ct.

> 1561, 161 L.Ed.2d 563 (U.S. 2005). The Court so holds because, "[a]lthough the Supreme Court did not specifically reject (or even consider) ... [the Clark court's] interpretation of § 522(d)(10)(E) in Rousey v. Jacoway, its opinion [in Rousey] leaves no room for th[e] interpretation [in Clark]." Supreme Court Holds that IRAs are Exemptible Under Code § 522(d)(10)(E), 25 No. 5 Bankruptcy Law Letter 1 (May 2005) (quotation found in last paragraph of text prior to final heading in the article); *see also* Arthur H. Boelter, 2 Representing the Bankrupt Taxpayer § 9:21 (2005), at n.29 ("the split in the circuits[, including that engendered by the Third Circuit's decision in Clark,] should be resolved following the U.S. Supreme Court acceptance of certiorari in the case of Rousey v. Jacoway). Therefore, it matters not when considering whether the Annuity and the IRA may be exempted under § 522(d)(10)(E) whether the Debtors are receiving, or are presently entitled to receive, payments therefrom.

In re Booth, Bankr.No. 05-27660-MBM (related to Doc. No. 14) (dated Oct. 13, 2005), at 5-6.

Consequently, the Court need only focus on the second of the Trustee's grounds for objection, that is that the IRA is not reasonably necessary for the support of the Debtor. After a relatively short evidentiary hearing dedicated to such issue, and upon application of the eleven factors relevant to a resolution of such issue, which factors are set out in In re Gralka, 204 B.R. 184, 190

(Bankr.W.D.Pa. 1997) (quoting In re Cauvel, 146 B.R. 166, 167 (Bankr.W.D.Pa. 1992)) but which will not be repeated herein, the Court concludes that the Trustee has failed to preponderantly prove that the IRA is not reasonably necessary for the support of the Debtor. The Court, in particular, is swayed by the unrebutted testimony of the Debtor's expert witness, a forensic economist, to the effect that the Debtor can be expected to fully exhaust, by roughly age 78, all of the funds that will be in the IRA when she reaches her age of retirement. Such witness' computation was based upon, *inter alia*, the monthly expenses that the Debtor presently incurs with several modifications, which present expenses the Court finds to be far from exorbitant and, thus, in line with the Court's decision in Gralka – i.e., although the Court stated in Gralka that "lifestyle maintenance" is not necessarily equivalent to that which is reasonably necessary for the support of a debtor, *see* Gralka, 204 B.R. at 191, such equivalence can be found to exist if, as in the instant case, a debtor's present lifestyle is frugal. Necessary to the Court's ruling, of course, is its conclusion, as a matter of law, "that the issue is not whether the ... IRA[] is necessary to ... [the Debtor's] immediate support, but rather whether ... [the same] would be necessary for ... [her] support after ... [she] ha[s retired]." Id. at 190.

Because the Court concludes that the IRA is reasonably necessary for the support of the Debtor, and since the Debtor, as a matter of law, need not presently be receiving a distribution from the IRA in order to exempt the same under § 522(d)(10)(E), the Court determines that it shall issue an order that the Trustee's objection to exemption is **OVERRULED** and the Debtor's exemption of

4

$11,946.20 of the IRA is, accordingly, **ALLOWED** under § 522(d)(10)(E).

**BY THE COURT**

_____/s/_____
**M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : |
| **PAMELA A. LEE,** | : |
| | : **Bankruptcy No. 05-27255-MBM** |
| Debtor. | : |
| ............................................................. | : ............................................................. |
| **Robert Shearer, Trustee,** | : **Chapter 7** |
| Movant, | : |
| | : |
| v. | : **Related to Doc. No. 12** |
| | : |
| **Pamela A. Lee,** | : |
| Respondent. | : |

## ORDER OF COURT

**AND NOW,** this **14th day** of **October, 2005**, for the reasons set forth in the accompanying Memorandum of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that the Trustee's objection to exemption is **OVERRULED** and the Debtor's exemption of $11,946.20 of the Northwestern Mutual IRA is, accordingly, **ALLOWED** under § 522(d)(10)(E).

                                                **BY THE COURT**

                                                **/s/**
                                                **M. BRUCE McCULLOUGH,**
                                                **U.S. Bankruptcy Judge**

To be served by Case Administrator:

John P. Vetica, Jr., Esq.
Robert Shearer, Esq.